UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60766-CIV-SINGHAL

ENRIQUE ENRIQUEZ-GUERRA,

       Petitioner,

v.

RIPA GARRETT, Field Office
Director, U.S. Immigration
and Customs Enforcement,

       Respondent.

_____/

## ORDER ON JURISDICTION

**THIS CAUSE** is before the Court on the jurisdictional briefing filed by the parties. Petitioner is a Cuban citizen who entered the United States on March 5, 2022. (DE [1] at 13). He was placed in removal proceedings. *Id.* On October 16, 2025, Petitioner was detained, and his removal proceedings were canceled. *Id.* at 3, 8. Petitioner was then placed into expedited removal proceedings, and because his proceedings were expedited, he was denied bond. *Id.* at 21. Petitioner filed the present Petition for Writ of Habeas Corpus (DE [1]), arguing that he could not be lawfully placed in expedited removal, since he had been in the country continuously for longer than the past two years. *Id.* at 3.

The Court requested jurisdictional briefing on whether 8 U.S.C. § 1252 strips this Court of jurisdiction from reviewing if Petitioner can be detained and expeditiously removed under 8 U.S.C. § 1225(b)(1). If § 1252 does strip the Court's jurisdiction, the Court also asked for briefing on whether § 1252 would violate Petitioner's due process. The parties responded, and Petitioner argued that reading § 1252 to strip the Court's

jurisdiction over this matter would run afoul of the Suspension Clause of the United States Constitution. Petitioner is correct.

The text of § 1252(a)(2)(A) explicitly strips this Court's jurisdiction to review Petitioner's claim that he is being unlawfully detained under § 1225(b)(1) since he has been present in the country continuously for the past two years. *See Martinez Alfonso v. Current Warden*, No. 26-cv-60257, at 4-5 (S.D. Fla. Apr. 22, 2026). But the Suspension Clause requires that when Congress strips the Court's habeas review, Congress must provide detainees an adequate substitute for the Court's review. *Id.* at 7. And as this Court recently explained, § 1252(a)(2)(A) does not provide any substitute for habeas review. *Id.* at 7-8. "Because section 1252(a)(2)(A) purports to strip Petitioner's habeas corpus rights without providing an adequate alternative, it violates the Suspension Clause as applied to Petitioner and thus is no bar to this Court's exercise of habeas jurisdiction." *Id.* at 8.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Court exercises jurisdiction over the Petition for the Writ of Habeas Corpus (DE [1]).

2. Respondents shall file a return by **April 30, 2026**, addressing, among other issues, whether Petitioner can be properly detained and placed in expedited removal proceedings under § 1225(b)(1).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of April 2026.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE