UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60766-CIV-SINGHAL

ENRIQUE ENRIQUEZ-GUERRA,

Petitioner,

v.

RIPA GARRETT, Field Office
Director, U.S. Immigration
and Customs Enforcement,

Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner's Motion to Enforce, or in the Alternative, Modify the Court's Habeas Order (the "Motion") (DE [15]).  Petitioner was granted an individualized bond hearing, where the immigration judge applied the *In re Guerra* factors.   After finding seven different facts that counseled against granting Petitioner bond, the Immigration Judge denied Petitioner's request for redetermination of custody.  (DE [15] at 10).  Petitioner now comes back to this Court, asking for a new hearing, arguing that the Immigration Judge did not properly consider evidence Petitioner had presented.  Essentially, Petitioner argues that the Immigration Judge improperly weighed the evidence.  Under 8 U.S.C. § 1226(e), the Court lacks jurisdiction to grant the Motion.  "No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  *Id.  See Castanon Perez v. Field Off. Dir., U.S. Immigr. & Customs Enf't*, 2026 WL 1652694, at *1 (M.D. Fla. June 8, 2026) ("[T]he proper way to challenge the result of a bond hearing is appeal to the BIA.  This Court does not have jurisdiction to review an

immigration judge's discretionary bond decision . . . .").  Accordingly, it is hereby

     **ORDERED AND ADJUDGED** that the Motion (DE [15]) is **DENIED**.

     **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of

July 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

2